ORIGINAL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

----------------------------------------

MICHAEL EISENBERG,

                    Plaintiff,

       -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION; DR. HOA TU, Superintendent
Queens North High Schools, in her official
capacity; ANTHONY STIFFLER, ESQ.,
Executive Director Queens North High Schools,
in his official capacity; NAMITA DWARKA,
Deputy Superintendent Queens South & former
Principal of William Cullen Bryant High School,
in her official and individual capacity; CARLYN
ST. AUBAIN, Principal of William Cullen
Bryant High School, in her official and
individual capacity; ALLISSA MASON,
Assistant Principal of of William Cullen Bryant
High School, in her official and individual
capacity; JONATHAN YOUNG, Assistant
Principal of William Cullen Bryant High School,
in his official and individual capacity;
KAITLYN RIVERA, Assistant Principal of
William Cullen Bryant High School, in her
official and individual capacity; MOISES
MORALES, Assistant Principal of William
Cullen Bryant High School, in his official and
individual capacity; JOHANNA HENRY,
Assistant Principal of William Cullen Bryant
High School, in her official and individual
capacity; YAZITZA ROBINSON, Assistant
Principal of William Cullen Bryant High School,
in her official and individual capacity;
Defendants.

----------------------------------------

**COMPLAINT**

**24-Civ.-___**

**JURY TRIAL DEMANDED**

CV25-7014

GONZALEZ, J.

SCANLON, M.J.

REC'D IN PRO SE OFFICE
DEC 22 '25 AM11:16

1

Plaintiff MICHAEL EISENBERG, Plaintiff *Pro Se*, as and for his Complaint, against Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action seeking monetary and equitable relief based upon Defendants' violations of the federal Age Discrimination in Employment Act of 1967 ("ADEA"); the New York State Human Rights Law, N.Y. Exec Law § 296 ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Administrative Code §§8-101 *et. seq.* ("NYCHRL"), based on discrimination due to age and disability. Plaintiff further brings this action pursuant to 42 U.S.C. § 1983 based on retaliation for First Amendment protected speech for his union activities as a United Federation of Teachers ("UFT") member while employed as a teacher for the New York City Department of Education ("DOE") at William Cullen Bryant High School ("the School") in Queens, New York, and for speaking out on matters of public concern.

2.     The conduct complained of in this action involves Defendants' discriminatory and retaliatory conduct against Plaintiff as well as favorable treatment exhibited on behalf of Defendants towards similarly situated younger and non-disabled music teachers at the School.

3.     Additionally, the conduct complained of in this action involves Defendants' coercion, retaliation, and interference with Plaintiff's exercise of his First Amendment

2

rights. The retaliatory conduct following protected activity includes, but is not limited to, denial of equal salary and pay, attachment of problem code, the issuance of adverse performance ratings and evaluations, being subjected to a number of unwarranted OSI and SCI investigations, disciplinary summons and letters to his employment file, and loss of eligibility for overtime and other per-session and professional opportunities, which together constitute adverse employment actions, defamation of character.

4.        Additionally, the conduct complained of in this action involves Intentional Infliction of Emotional Distress ("IIED"); Libel per se; Title VII violations; and Title IX violations.

### JURISDICTION AND VENUE

4.

5.   This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331, as this matter involves federal questions.

6.        This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

7.        This action's venue properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

3

**PARTIES**

7.

8.      Plaintiff Michael Eisenberg is a resident of Queens County and the State of New York.  He was born in 1966 and is 59 years old.

9.      At all times relevant herein, Defendant New York City Department of Education is a city school district established pursuant to Title II, Article-52-A of the New York State Education Law, NY Educ. Law Section 2590 *et seq.*

10.      At all times relevant herein, Defendant Hoa Tu was the Superintendent of Queens North High Schools,  exercising supervisory authority over William Cullen Bryant High School, a high school in Queens, within the New York City Department of Education, , and is sued in her official capacity.

11.      At all times relevant herein, Defendant Anthony Stiffler was the Executive Director of Queens North High Schools, exercising supervisory authority over William Cullen Bryant High School, a high school in Queens, within the New York City Department of Education,  and is sued in his official capacity.

12.      At times relevant herein, Defendant Namita Dwarka was the Deputy Superintendent of Queens South High Schools, additionally exercising supervisory authority over Bryant High School administration and staff, within the New York City Department of Education, and is sued in her official and individual capacity.

4

13.     At all times relevant herein, Defendant Carlyn St. Aubain was the Principal of William Cullen Bryant High School, a high school in Queens, within the New York City Department of Education, and is sued in her official and individual capacity.

14.     At all times relevant herein, Defendant Alissa Mason was Assistant Principal of William Cullen Bryant High School, a high school in Queens, within the New York City Department of Education, and is sued in her official and individual capacity.

15.     At all times relevant herein, Defendant Jonathan Young was Assistant Principal of William Cullen Bryant High School, a high school in Queens, within the New York City Department of Education, and is sued in his official and individual capacity.

16.      At all times relevant herein, Defendant Kaitlyn Rivera was Assistant Principal of William Cullen Bryant High School, a high school in Queens, within the New York City Department of Education, and is sued in her official and individual capacity.

17.     At times relevant herein, Defendant Moises Morales ("Morales") was an Assistant Principal of William Cullen Bryant High School, a high school in Queens, within the DOE, and is sued in his official and individual capacity.

18.     At all times relevant herein, Defendant Johanna Young was Assistant Principal of William Cullen Bryant High School, a high school in Queens, within the New York City Department of Education, and is sued in her official and individual capacity.

5

19.        At all times relevant herein, Defendant Yazitza Robinson was Assistant Principal of William Cullen Bryant High School, a high school in Queens, within the New York City Department of Education, and is sued in her official and individual capacity.

## STATEMENT OF FACTS

20. Since September 2011, Plaintiff has been a music teacher within the DOE. At all times relevant herein, he held greater seniority and comparable NYS and NYC certifications, appointments, education, experience, and pedagogical skills to his remaining music department counterparts at the School, namely Garrett Lanzet, aged 37, Alex Somer, aged 35, and George Weisman, aged 40  (hereinafter "Comparators"). Because at all times relevant herein he held similar roles, with comparable responsibilities, skills, circumstances, and experience levels; higher tenure, employment duration, and salary step; and stronger performance reviews and disciplinary records than Comparators prior to speaking out about the public concerns of employment discrimination, retaliation, and non-compliance with statutory and contractual standards at the School, where here as a music teacher, a specific or junior age is not a necessary qualification for the job's safe and efficient performance, he is therefore similarly situated in all material respects as defined by the ADEA.

21. From September 2011 until he commenced engaging in protected activity on January 5, 2018, Plaintiff was a music teacher within the DOE who consistently received "effective"

6

and "highly effective" performance ratings at Veritas Academy (2013-2017 school years), William Cullen Bryant High School, and all other DOE appointments.

22.  Plaintiff's positive performance record continued until he began whistleblowing, complaining in writing and verbally to Superintendents of Queens North High Schools, DOE upper administration, Defendants, and the UFT, regarding:

• Contractual violations against DOE employees at the School.

• Policies and practices concerning (1) grade fixing, (2) retaliation against School teachers for non-compliance with grade-fixing, and (3) the constructive termination and harassment of School teachers aged over 50 and disabled School teachers in violation of the ADEA and ADA.

23. Plaintiff's speaking about public matters with the NYC DOE, its agents, the UFT, press outlets (including the New York Post), and union members, among others, has continued to the present, including most recently: (1) whistleblowing and advocacy in June 2025 to union members and Defendants on behalf of Teachers J & N, also assisting these teachers in identifying their rights and legal courses of action in addressing discriminatory treatment Teachers J & N alleged against Defendants; (2) culminating in a union grievance for retaliation for whistleblowing advanced on December 11, 2025 (OLR 260311 UFT Q78477 Step 2 Grievance Conference) pursuant to Article 22 of the Collective Bargaining Agreement.

7

24. On March 5, 2024, Plaintiff proceeding *pro se* commenced an employment discrimination complaint against the DOE et al. in U.S. District Court Eastern District of New York (1:24-cv-01661-HG-VMS), based on previous adverse actions not addressed in the instant complaint, alleging age and disability discrimination, retaliation for exercise of protected First Amendment speech, among other causes of action. Granted Court leave, an amended complaint was filed on January 16, 2025.

25. On February 24, 2025, Plaintiff complained in writing to Defendants, UFT, and DOE senior management regarding Title IX sexual harassment violations by the School.

26. Beginning in Spring 2025, Plaintiff began speaking out regarding unfair teacher evaluation policies and practices, advising teachers including, but not limited to Teacher J, regarding contractual and legal rights and measures of recourse for Defendants' alleged bad actions.

27. On or around April 25, 2025 through June 6, 2025, Plaintiff received notice through emails from the School Purchase Secretary of unlawful repurposing of budgetary Studio Arts funding allocations by the DOE designated expressly for Plaintiff by Defendants including Asst. Principal Henry and reported these misallocations to the UFT and Defendants.

28. On June 11, 2025, Plaintiff complained in writing to Defendants, UFT, and DOE senior management regarding contractual violations as to job assignment transparency at the School prejudicing all teachers.

8

29.  On July 2, 2025, Plaintiff learned that from January 10, 2024 onward, Plaintiff received no tutoring and per-session assignments he applied to, but that Comparators had applied for and were assigned these same opportunities.

30. On July 13, 2025, Plaintiff complained in writing to Defendants, Director Medical, Leaves, & Records Guscott, Deputy Director of Human Resources Lisa Hyman, and UFT representatives, including Anne Wine, regarding the:

- Unfair denial of Line of Duty Injury benefits;

- Misreporting of Plaintiff's attendance and depletion of his Cumulative Absence Reserve time ("CAR") sick days;

- Denial of release of video documenting Plaintiff's fall at the School, which implicates breach of duty of care, negligence, and premises liability;

- False imprisonment of Plaintiff by Asst. Principal Robinson on June 12, 2025; and

- Requirement that Plaintiff pay out-of-pocket medical expenses.

31. On July 21, 2025, all claims of violations of the First Amendment, Title IX, the ADEA, and the ADA were dismissed with prejudice for failure to state a claim.

32. On July 23, 2025, Plaintiff addressed a cease and desist letter to Defendants and the UFT, reporting six new, frivolous, and unfounded investigations initiated against him for alleged sexual misconduct and harassment (involving a minor student and School staff). These investigations, which Plaintiff discovered on July 2, 2025, were all found unsubstantiated and refused advance by investigators. Plaintiff requested the immediate

9

end to all such retaliation and sham investigations, alleging a violation of Title IX on the basis of his sex.

33. On July 23, 2025, Plaintiff engaged in whistleblowing about a matter of public concern, by emailing Defendants, the UFT, and the DOE regarding the unawarded Cumulative Absence Reserve ("CAR") time for employee leave earned during the 2017-2025 period by all employees at the School. Plaintiff alleged this lapse in proper payment violated contractual policy, Article 15, and Chancellor's Regulations C-175, as it wrongfully deprived School employees of earned leave.

34. On August 15, 2025, Plaintiff filed a Motion to Vacate the Order of Dismissal with Prejudice and to Alter or Amend the Judgment. The motion is predicated on newly discovered evidence, obtained on July 2, 2025, which was previously withheld during discovery in violation of Court-mandated deadlines. This evidence includes previously unknown causes of retaliatory action by Defendants occurring between January 15, 2025, and July 2, 2025. The motion remains pending the Court's determination.

35. On August 15, 2025, the same day Plaintiff filed a Motion to Vacate the Order of Dismissal and Leave to Amend, Defendants and their agents, including SCI personnel, opened a frivolous, unfounded investigation. This action resulted in an order for Plaintiff's removal from all teaching duties effective September 2, 2025; the barring of his access to additional employment and professional opportunities; and the attachment of a "problem code" to his file, registering his identity as a potentially abusive and sexually inappropriate teacher with the FBI and national/state educational screening agencies.

10

Defendants disclosed no specific allegations or charges and failed to notify Plaintiff regarding the problem code.

36. On August 21, 2025, Plaintiff contacted Defendants and the UFT by email, reporting that Assistant Principal Mason had been investigated by the OEO for retaliation (OEO Inquiry SI_08105 initiated by Director Matt Riordan). Based on new evidence obtained on July 2, 2025, revealing prior unknown sham investigations initiated by Mason and Young alleging discrimination and sexual misconduct, Plaintiff requested the removal of both supervisors for harassment and retaliation.

37. On September 2, 2025, without explanation of any allegation or charge (to date as well), Defendants publicly escorted Plaintiff with a police guard, reassigned him from his duties, and constructively terminated his employment. Plaintiff was denied union representation in violation of contract during this transaction. This action stripped him of all access to DOE resources, deprived him of all professional opportunities, per session work, and additional compensation, thereby humiliating him and damaging his character and reputation. On the same day, Defendants first notified Plaintiff of the attachment of a "problem code" to his file, though, prior to this notification, Defendants had already attached a false problem code on or around August 15, 2025, which blacklisted him from all NYS educational-related professional opportunities and registered him nationally as an alleged perpetrator of sexual misconduct and abuse with minors in his charge.

38. On December 9, 2025, in a continuing pattern of retaliation for Plaintiff's protected activities (including filing an EEOC in June 2025 voicing employee complaints of age

11

discrimination to UFT representatives), Defendants (Superintendent Dr. Hoa Tu, Executive Director Anthony Stiffler, Deputy Superintendent Namita Dwarka, Principal St. Aubain, Director Hubert Guscott, and the DOE) unfairly and prejudicially denied Plaintiff's application for a sabbatical. Plaintiff alleges this denial was determined in retaliation for speaking out on public concerns and advocating for employees regarding Defendants' unlawful and non-contractual violation of employee rights. Specifically:

- The denial violated the DOE 2023 contract, Chancellor's Regulations C-650, and Personnel Memorandum #5 2024-2025 stipulations.
- On the same date, other DOE candidates were approved for a sabbatical who had inferior standing, tenure, and/or length of employment, were aged under 40, and/or presented potential hardship status in a license area, unlike Plaintiff who had no such claim of hardship.
- Plaintiff had been denied a sabbatical on three successive occasions in similarly prejudicial determinations.
- Unlike other DOE candidates who were denied a sabbatical on the same date and received a formal determination and contractual reasoning, Plaintiff received no explanation for the denial, a separate violation of the DOE 2023 contract, Chancellor's Regulations C-650, and Personnel Memorandum #5 2024-2025.

39. Subsequent to Plaintiff's engaging in protected Free-Speech activities in Spring 2025, in addition to the aforementioned adverse actions, the DOE and individual Defendants implemented a policy of paying significantly greater per-session compensation to Comparators Lanzet, Somer, and Weisman than to Plaintiff. This disparity is in violation

12

of contract and occurred despite the Comparators having inferior tenure, employment duration, and qualifications. During tax year 2025, Plaintiff repeatedly sought transparent reporting of these compensation figures via FOIL inquiries, union grievances, and requests in discovery, as required by NYS Labor Law § 194, NYC Int. 982, and NYC Local Law 134-A, but was denied. This pay disparity has continued to grow, with the largest gaps in the Fall Semester of 2025.

40. <u>Per Session Disparity\*</u>:

| Year | Weisman | Lanzet | Somer | Eisenberg |
|------|---------|--------|-------|-----------|
| 2025 | $20,425 | $9,307 | $14,073 | $200 | (as of 12/16/25) |

<u>Reported Salary Disparity Given Plaintiff's Greater Tenure, Longevity, & Salary Step:</u>

| Year | Somer | Weisman | Eisenberg |
|------|-------|---------|-----------|
| 2025 | $108,019 | $110,418 | $111,798 | (as of 12/16/25) |

<u>Salary Base Rate Disparity Given Plaintiff's Greater Tenure, Longevity, & Salary Step:</u>

| Year | Somer | Weisman | Eisenberg |
|------|-------|---------|-----------|
| 2025 | $108,019 | $110,418 | $111,798 | (as of 12/16/25) |

\*Figures for Comparators are cited from the NYS & NYC mandated reporting information posted by the DOE on https://www.seethroughny.net/payrolls/city-of-new-york . All requests through FOIL for more accurate information have been denied by the DOE & NYC Law FOIL departments. This indicates age discrimination because Plaintiff holds four and five years additional seniority/length of employment and five and six years additional tenure within the DOE respectively in comparison to Comparators Somer & Weisman.

## Other Discrimination and Retaliation

41.     Plaintiff has repeatedly been denied access to per-session and comp opportunities, which his music colleagues have consistently received yearly. Per-session opportunities are disguised under generic arbitrary designations, names, and hours to

13

allocate with bias. Plaintiff is the most senior longest tenured and longest in the system. This is also in violation of the contractual obligation to rotate per-session opportunities and course placements and preferences so as to maintain equitable distribution.

42.        Defendants have permanently jaundiced and endangered Plaintiff's record, reputation, and educational and legal future career trajectory, by exposing him to prejudice, based on fraudulent allegations and investigations, intentionally false reviews, and defamation of character. Hereinafter, Plaintiff must report these allegations and investigations, thus irrevocably impairing his record throughout his professional future; jeopardizing and coloring his character as it pertains to the ethics of these fields. Defendants have severely undermined and weakened Plaintiff's earning potential and career options with this outrageous intentional retaliation.

43.        Plaintiff's repeated protestations of unfair evaluations were a matter of public interest voiced on behalf of teachers at the School and citywide, in an effort to hold administration to a standard of integrity. Plaintiff alleges that the School intentionally engages in a policy and practice of penalizing teachers with low ratings, using these adverse ratings to compel teachers to fix grades so Principal and admin ratings and graduation rates may be registered as higher than they actually are citywide and nationwide. Such a policy and practice fraudulently boosts NYC DOE ratings at large nationwide.

14

# FIRST CLAIM FOR RELIEF

## (Violation of 42 U.S.C. Section 1983

## First Amendment Retaliation against All Defendants

44.    Plaintiff repeats and realleges all the preceding paragraphs of this complaint, as if fully set forth herein.

45.    Defendants, through the aforementioned conduct, have violated 42 U.S.C. Section 1983, by retaliating against him for filing union grievances and whistleblowing against the school administration by speaking out on matters of public concern and reporting acts of misconduct as follows:

46.    Plaintiff engaged in protected First Amendment speech by filing union grievances and whistleblowing against school administration concerning matters of public concern. This conduct includes, but is not limited to, reporting on: contractual violations (including job assignments and Cumulative Absence Reserve time); grade fixing, fraudulent social promotion, and retaliation against teachers for non-compliance; age and disability discrimination; Title IX sexual harassment violations; unfair teacher evaluation policies; and the unlawful repurposing of

15

budgetary funds. These reports were made to the UFT, DOE upper administration, and press outlets. (§ 3 ,4, 6-9, 13)

47.         As a result, Plaintiff was falsely accused and reassigned away from the school.

48.         As a proximate result of Defendants' retaliatory actions against him, Plaintiff has suffered and continue to suffer a loss of monetary damages, humiliation, severe emotional distress, mental and physical anguish and suffering, and damage to his professional reputation and potential loss of employment, in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

## (Violation of the ADEA)

## Discrimination, Retaliation, and Hostile Work Environment against

## NYCDOE)

49.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

50.    Plaintiff is over 40 years of age and thus protected by the ADEA.

51.    Plaintiff has been treated differently than his similarly situated, younger counterparts at the School. Specifically, he has received inequitable pay & professional opportunities, disciplinary letters to file, less-than-effective observation reports, and been the subject of a number of fraudulent retaliatory investigations. These documents have been issued  pervasively and continuously for the past several years.

16

52.    As a proximate result of Defendants' discriminatory actions against Plaintiff, he has suffered and continue to suffer a loss of monetary damages, humiliation, severe emotional distress, mental and physical anguish and suffering, and damage to his professional reputation and potential loss of employment, in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

## (Violation of the New York State Human Rights Law

## Discrimination, Retaliation, and Hostile Work Environment on the Basis of

## Age against All Defendants)

53.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

54.    Plaintiff is over forty years of age and thus protected by the NYSHRL.

55.    Plaintiff has been treated less well than his similarly situated, younger counterparts at the School. Specifically, he has received disciplinary letters to file, less-than-effective observation reports, and been the subject of a number of investigations. These documents have been issued pervasively and continuously for the past several years.

56.    Plaintiff has at all times performed his duties satisfactorily and in a similar fashion to his younger counterparts.

17

57.    As a proximate result of Defendants' discriminatory actions against him, Plaintiff has suffered and continues to suffer a loss of monetary damages, humiliation, severe emotional distress, mental and physical anguish and suffering, and damage to his professional reputation and potential loss of employment, in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

### (Violation of the New York City Human Rights Law

### Discrimination, Retaliation, and Hostile Work Environment on the Basis of

### Age and Disability against All Defendants)

58.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

59.    Plaintiff is over forty years of age and thus protected by the NYCHRL.

60.    Plaintiff has been treated less well than his similarly situated, younger counterparts at the School. Specifically, he has received inferior pay, compensation, and pay rate; retaliatory professional disciplinary letters to file, and has been the subject of a number of retaliatory fraudulent investigations and adverse actions. These documents have been issued pervasively and continuously for the past several years.

18

61.    Plaintiff has at all times performed his duties satisfactorily and in a similar fashion to his younger counterparts.

62.    As a proximate result of Defendants' discriminatory actions against him, Plaintiff has suffered and continues to suffer a loss of monetary damages, humiliation, severe emotional distress, mental and physical anguish and suffering, and damage to his professional reputation and potential loss of employment, in an amount to be determined at trial.Plaintiff is over forty years of age and thus protected by the NYCHRL.

## FIFTH CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress against All Defendants)

63.        Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

64.    Defendants engaged in continuous and ongoing extreme and outrageous conduct towards Plaintiff to his detriment, knowing of Plaintiff's special physical and emotional sensitivity to such conduct and wielding an inequity of power in an abuse of authority. This conduct includes but is not limited to pursuing unfounded fraudulent investigations of sexual misconduct with a student and minor and sexual harassment and with supervisors, despite Plaintiff's repeated requests to Defendants to desert in such retaliatory harassment and failing to notice Plaintiff in violation of contract and his rights, thus producing migraines, emotional trauma, depression, and nightmares on and after the dates these were first discovered, namely December 6, 2024, and October 18, 2023.

19

65.    Defendants, through extreme and outrageous conduct going beyond all bounds of decency towards Plaintiff, demonstrated an intent to cause, and reckless disregard of a substantial probability of causing, severe emotional and physical distress in the Plaintiff.

66.    Defendants' conduct subjecting Plaintiff to a policy and practice of baseless investigations of sexual impropriety with minors; threatening his reputation and future career; foreseeably occasioning imprisonment or barring from educational and legal sectors; went beyond all possible bounds of decency to be regarded as atrocious, utterly intolerable in a civilized society.

67.    The extreme and outrageous conduct of Defendants towards Plaintiff directly caused him severe emotional distress, severe physical pain, bodily harm, and mental trauma.

68.    By virtue of the above, Plaintiff has suffered actual damages including, but not limited to, medical expenses associated with migraine treatment, mental health treatment, inconvenience, insult, mental distress, embarrassment, humiliation, anxiety, emotional pain and suffering, impairment of future health and career, and other economic or non-economic damages.

69.    As the injury was caused willfully, wantonly, and with actual and common law malice, Plaintiff is entitled to punitive damages in an amount to be determined by a court.

## SIXTH CLAIM FOR RELIEF

### (Libel per se Against All Defendants)

20

70.         Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

71.    Defendants intentionally purposefully, and with full knowledge of its falsity, falsely claimed that Plaintiff had engaged in sexual misconduct with minors. Defendants' actions were made with the express purpose of getting Plaintiff arrested and charged, fired, making his employer start an investigation, and to destroy his reputation to his employer, his colleagues, and to all future prospective employers.

72.    Defendants published in writing the knowingly false allegation and intentionally misrepresented their fraudulent nature.

73.    Plaintiff was first made aware of these acts on or about July 2, 2025.

74.    The misrepresentation of anonymous emails and falsified allegations and Defendants' other written statements of the allegations were false and defamatory.

75.    Defendants made those statements with actual malice, as they actually misrepresented the email, and intentionally, purposefully, and with full knowledge withheld the email clarifying the autocorrected typo, knowing the allegations were false and acting with reckless disregard for their truth or falsity. Knowing full well of the falsity of the statement, DWARKA thereafter retracted her defamatory libelous allegation.

76.    The statements were of and concerning Plaintiff as they identified him by name and were published without privilege or authorization to others by the Defendants.

21

77.   The statements unambiguously accuse Plaintiff of unprofessional conduct in the course of practicing his profession, and were intended to injure and did injure Plaintiff's reputation, at his employment and towards the community at large.

78.   As such, the statements constitute libel per se.

79.   By reason of this defamation, Plaintiff was greatly injured in his character and reputation as an educator and prospective attorney, suffered abuse and harassment, as well as great pain and mental anguish, and has been and will be deprived of gains and profits from the practice of his profession. Defendants are liable to Plaintiff for actual and compensatory damages, damages for injury to his professional reputation and damages for emotional distress.

80.   Defendants knowingly, negligently, and with reckless disregard, attached a problem code to Plaintiff's record, defaming Plaintiff in a professional capacity by indicating Plaintiff was a problem as teacher and employee, which statement was published electronically and made available to over 100 supervisors to whom Plaintiff applied for summer school, in addition to other recipients, all fully understanding meaning and implication of such libel per se.

81.   Plaintiff suffered mental and emotional harm when terminated from summer school position, termination resulting  from attachment of the problem code and failure to remove the problem code, despite investigation determining all allegations as unsubstantiated.

82.   Defendants made the statements intentionally, purposefully, with full knowledge, knowing allegations were false, acting with reckless disregard for their truth or falsity.

22

83.    As an electronic statement that persisted, this defamatory statement was reiterated and republished on every occasion accessed by a DOE employee, supervisor, or other recipient.

84.    The statements were of and concerning Plaintiff as they identified him by name and were published without privilege or authorization to others by the Defendant.

85.    The statements unambiguously accuse Plaintiff of unprofessional conduct in the course of practicing his profession.

86.    As such, the statements constitute libel per se.

87.    By reason of this defamation, Plaintiff was greatly injured in his character and reputation as an educator and prospective attorney, suffered abuse and harassment, as well as great pain and mental anguish, and has been and will be deprived of gains and profits from the practice of his profession. Defendants are liable to Plaintiff for actual and compensatory damages, damages for injury to his professional reputation and damages for emotional distress.

88.    As a result of the above, Plaintiff has been damaged in an amount to be determined by a court.

89.    As the injury was caused willfully, wantonly, and with actual and common law malice, Plaintiff is entitled to punitive damages in an amount to be determined by a court.

## SEVENTH CLAIM FOR RELIEF

### (Violation of Title IX against DOE)

23

90.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

91.    The School is a Title IX funding recipient.

92.    Plaintiff is an "appropriate person" who had actual knowledge of the false sham investigations undertaken by Defendants against Plaintiff, conducted without rigor or appropriate care because of Plaintiff's sex.

93.    The School and the Office of the Superintendent had actual knowledge of the harassment; were informed directly by Plaintiff about acts of harassment by Students G and L and evidence identifying the students; by having notice of acts beyond Plaintiff's reporting, through the School platform, staff, and students.

94.    Defendants could have taken corrective measures to investigate acts, identify fraud and frivolous retaliatory acts, and take prophylactic steps to ensure Plaintiff's safety and non-bias in the investigations to ensure Plaintiff was not prejudiced against based on sex and did not.

95.    The School acted deliberately and recklessly not taking appropriate measures to address acts of bias against Plaintiff in the sham investigation process.

96.    The School declined to investigate, report timely, or take appropriate protective measures regarding Plaintiff's safety and future exposure to additional acts of prejudice and retaliation.

97.    The discrimination was severe, pervasive, and objectively offensive to Plaintiff by causing severe emotional and physical distress; exposing him to schoolwide censure in the

24

continuance, escalation, and promulgation of acts of harassment with impunity; interfering with his efforts to quell further harassment.

98.     As a result of the reckless deliberate indifference, failure to investigate properly without bias or take corrective measures, and as a result of the retaliation engaged in to repudiate Plaintiff, he was greatly injured in his character and reputation, suffered abuse and harassment, as well as great pain and mental anguish.

99.     Defendants are liable to Plaintiff for actual and compensatory damages, damages for injury to his professional reputation, emotional distress, lost wages, and future gains and profits from which Plaintiff is barred as a result of this conduct.

101.    As a result of the above, Plaintiff has been damaged in an amount to be determined by a court. As injury was caused willfully, wantonly, and with actual and common law malice, Plaintiff is entitled to punitive damages in an amount to be determined by a court.

## EIGHTH CLAIM FOR RELIEF

### (Violation of Title VII of the Civil Rights Act of 1964)

### (Discrimination, Retaliation, and Hostile Work Environment on the Basis of Sex against NYCDOE)

101.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

25

102.    Defendant New York City Department of Education is an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

103.    Plaintiff is a member of a protected class (sex) and at all relevant times performed his duties satisfactorily.

104.    Plaintiff was subjected to discrimination, a hostile work environment, and adverse employment actions by Defendant NYCDOE on the basis of his sex and in retaliation for his opposition to unlawful employment practices. This includes, but is not limited to, being subjected to a continuous pattern of baseless and fraudulent investigations into sexual misconduct and harassment, resulting in the attachment of a permanent "problem code" to his file, public removal from his teaching duties, and constructive termination.

105.    The conduct was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment, and it was conducted by Defendant NYCDOE's supervisors, managers, and/or agents with deliberate indifference.

106.    As a proximate result of Defendant NYCDOE's discriminatory and retaliatory actions against him, Plaintiff has suffered and continues to suffer a loss of monetary damages, humiliation, severe emotional distress, mental and physical anguish and suffering, and damage to his professional reputation and potential loss of employment, in an amount to be determined at trial.

26

## JURY DEMAND

Plaintiff demands a trial by a jury on all of the triable issues of this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

A.     A declaratory judgment that Defendants are in violation of 42 U.S.C. § 1983 based on retaliation for First Amendment protected speech;

B.     A declaratory judgment that Defendant NYCDOE is in violation of federal Age Discrimination in Employment Act (ADEA);

C.     A declaratory judgment that Defendant NYCDOE is in violation of federal Age Discrimination in Employment Act (ADEA);

D.     A declaratory judgment that Defendants are in violation of New York State Human Rights Law;

E.        A declaratory judgment that Defendants are in violation of New York City Human Rights Law;

27

F.    A declaratory judgment that Defendants are in violation of Title VII & Title IX.

G.    A declaratory judgment that Defendants are liable for Intentional Infliction of Emotional Distress.

H.    A declaratory judgment that Defendants are liable for Libel per se.

I.    Awarding Plaintiff compensatory damages (including but not limited to emotional distress damages) and punitive damages (to the extent available) pursuant to the 42 U.S.C. § 1983, the ADEA, and New York State and City Human Rights Laws;

J.    Awarding Plaintiff costs; and

K.    Such other and further relief as to this Court may deem necessary, just and proper.


Dated:        Bayside, New York
              December 18, 2025

By:   _____
              Michael Eisenberg
              Plaintiff Pro Se
              23-50 Waters Edge Dr. Apt. 6L
              Bayside, NY 11360
              mjeisenberg@gmail.com
              (516) 395-7644



Align top of FedEx® shipping label here.

PRO SE (IWC CHECK $465)

MICHAEL EISENBERG

V DOE

Envelope
Recycle me.