Clerk's Office
Received on 5/22/2026
C.C.F.
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE



## RESPONSE TO PRE-MOTION LETTER

Honorable Hector Gonzalez
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Eisenberg v. New York City Department of Education, et al., No. 25-CV-7014 (HG)(VMS)**

Dear Judge Gonzalez:

Plaintiff respectfully submits this letter in opposition to the Defendants' pre-motion letter dated May 14, 2026 (ECF No. 25). Defendants seek to dismiss this action by mischaracterizing it as "duplicative." The instant Complaint ("Compl.") is based on a **fresh nucleus of operative facts** that occurred *after* the dismissal of the prior action, Docket No. 24-CV-1661 (HG) (VMS) (*"Eisenberg I"*). This complaint was first amended January 16, 2025 with leave from the Court; all federal claims were dismissed with prejudice on July 18, 2025; the Court denied leave to amend/add new actions occurring/noticed after filing the amended complaint (these new events disallowed in *Eisenberg 1* are now alleged in Compl.); Plaintiff's Motion to Vacate filed August 15, 2025 was denied by the Court January 2, 2026; Plaintiff filed a Notice of Appeal February 2, 2026, which is currently pending before the Second Circuit Court of Appeals, Index 26-234.

## I. The Action Involves Post-Dismissal Adverse Actions

With respect to the determination of whether a second suit is barred by res judicata, the fact that both suits involved essentially the same course of wrongful conduct is not decisive." *See SEC v. First Jersey Secs., Inc.*, 101 F.3d 1450, 1463 (2d Cir.1996) (citations omitted). "A first judgment will generally have preclusive effect only where the transaction or connected series of trans-actions at issue in both suits is the same, that is "whe[re] the same evidence is needed to support both claims, and whe[re] the facts essential to the second were present in the first." *Id.* at 1463-64 (citations omitted). "If the second litigation involved different transactions, and especially subsequent transactions, there generally is no claim preclusion." *Id. See*, e.g., *NLRB v. United Technologies Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983) (finding no preclusion when the second complaint alleged subsequent labor conflicts over the same type of employee activity at different times and places, involving different employees). "If a defendant engages in actionable conduct after a lawsuit is commenced, the plaintiff may seek leave to file a supplemental pleading to assert a claim based on the subsequent conduct." *Id. See also* Fed.R.Civ.P. 15(c). "But he is not required to do so, and his election not to do so is not penalized by application of res judicata to bar a later suit on that subsequent conduct. The scope of litigation is framed by the complaint at the time it is filed." *Id.* "The rule that a judgment is conclusive as to every matter that might have been litigated does not apply to new rights acquired pending the action which might have been, but which were not, required to be litigated." *Id.* The Defendants fail to

note in their letter that in *Curtis v. Citibank, N.A.*, the court concluded that a final judgment rendered in a prior case did not prevent litigation of claims that arose out of events that occurred subsequent to the filing of plaintiffs' first amended complaint in the first case. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139-41 (2d Cir. 2000) (emphasis added). Defendants' letter fails to address specific, independent retaliatory acts, occurring *after* the amended complaint/suit dismissal, e.g.:

- **August 15, 2025:** Defendants opened a new SCI investigation against Plaintiff on the *same day* he filed a motion to vacate in the prior case. This is a new adverse action discrete from the some 10+ additional SCI investigations mounted against Plaintiff (*comp.* #FOILs 27,704; 24,878; 26,431 still *pending* unanswered). Defendants attached and published a new discrete libelous problem code to Plaintiff's record. The libel claim from *Eisenberg 1* was a distinct previous action attached and published October 6, 2022 that had thereafter been removed.on or around May 30, 2023.
- **September 2, 2025:** Plaintiff was publicly escorted from his school by a police guard and reassigned. This is a discrete, severe adverse action occurring months after the July 18, 2025, dismissal of *Eisenberg I.* The sham investigation continues till present.
- **December 9, 2025:** The denial of Plaintiff's sabbatical occurred nearly six months after the dismissal of the first case. (*See* fn 1 for additional acts occurring *after*.)

## II. Specificity of Allegations Against Rivera, Morales, and Henry

Defendants erroneously claim the Complaint lacks factual allegations against Defendants Rivera, Morales, and Henry (ECF No. 25 at 2). Beyond citing them in *all* allegations against *all* Defendants, the Compl.identifies discrete actions taken by these individuals that fall outside the scope of legitimate employment because they were motivated by personal retaliatory animus:

- **Defendant Rivera:** As alleged in Compl. ¶¶ 45-48, Rivera was directly involved in the investigatory and decision-making process regarding the September 2025 removal and the initiation of the SCI investigation.
- **Defendant Morales:** Per Compl. ¶¶ 52-55, Morales is responsible for conducting sham investigations in violation of Title IX; the "problem code" placement; and the dissemination of libelous information to the NYPD and SCI. Such discriminatory negligence in investigating and "extra-judicial" reporting to law enforcement is not a standard function of Morales's employment.
- **Defendant Henry:** Contrary to Defendants' characterization at ECF No. 25, Page 2, the Complaint specifies at ¶ 27 and ¶ 82 that Defendant Henry misappropriated and falsified budget allocations specifically designated for Plaintiff. Falsifying records for retaliatory purposes is a "rogue" act that does not further the employer's interests and falls outside the scope of employment. *See Birkholz v. City of New York*, No. 10-CV-4719, 2012 WL 580522 (E.D.N.Y. Feb. 22, 2012).
- Rivera, Morales, and Henry acted in a supervisory capacity to ratify and enforce the retaliatory "rubber room" reassignment (Compl. ¶ 82).

Under *Varrone v. Bilotti*, 123 F.3d 75, 79 (2d Cir. 1997), it is permissible to name all defendants in a chain of command when they are plausibly involved in unconstitutional conduct. Furthermore, because these acts were intended to silence Plaintiff, they exceed the "scope of employment" and warrant individual liability. *See Birkholz v. City of New York*, No. 10-CV-4719, 2012 WL 580522 (E.D.N.Y. Feb. 22, 2012).

### III. Defendants' Reliance on Conclusory and Factually Inaccurate Statements

Defendants' letter relies on broad citations to the "Complaint generally" and to case law without specificity in regard to the instant case or the decision cited and contains significant factual errors.[1] Specifically, Defendants falsely claim (1) that Plaintiff has not filed an additional EEOC charge beyond May 2023 (ECF No. 25 at 2); and (2) that Plaintiff fails to allege filing a Notice of Claim. In reality, Plaintiff filed a new EEOC charge September 19, 2025 (#520-2025-07254) covering the very adverse actions at issue here and was issued a right to sue; furthermore, a Notice of Claim was served on Defendants on April 7, 2025, for which facts Defendants have notice. Under *Hardaway v. Hartford Public Works Dep't*, 879 F.3d 486 (2d Cir. 2018), exhaustion is an affirmative defense for which Defendants bear the burden; their failure to accurately account for Plaintiff's administrative filings proves they have not met this burden.

### Conclusion

Thus, for the reasons stated above, Defendants' request for a motion to dismiss should be denied. Plaintiff respectfully reserves the right to amend under Fed. R. Civ. P. 15(a)(2). To the extent that the complaint fails to state one or more claims against any/all Defendants, Plaintiff is prepared to amend to include the necessary factual allegations.[2]

Respectfully submitted,
/s/ Michael Eisenberg
    Plaintiff Pro Se

---

[1] The pre-motion letter's conclusory and misrepresentative blanket assertions are expressly contradicted in the Compl.: for (ECF No. 25 A: Plaintiff's Claims Have Already Been Dismissed), *see* new adverse actions occurring *after Eisenberg 1* in Compl. ¶¶ 25, 27, 29, 30, 32, 34–37, 39–42; for (ECF No. 25 B: Certain Individually Named Defendants Should Be Dismissed), *see* Compl. ¶¶ 27 *et passim* for allegations against *all* Defendants; for (ECF No. 25 D: Plaintiff Fails to Allege Plausible Retaliation Claims), *see* Compl. ¶¶ 22–24, 26–28, 30, 33, 36, 39–42; for (ECF No. 25 E: Plaintiff Fails to State Plausible Discrimination), *see* Compl. ¶¶ 20, 22–24, 26–30, 33, 36, 39–41; for (ECF No. 25 F: Plaintiff Fails to State Plausible Tort Claims), *see* Compl. ¶¶ 30, 35, 37, 42; for (ECF No. 25 G: Plaintiff Fails to State Plausible Title IX Claim), *see* Compl. ¶¶ 25, 32, 35–36, 42, 92–93. *All* the aforementioned simple factual allegations newly pleaded in Compl. are *wholly* unaddressed by Defendants' letter (excepting misconstruction at B of ¶ 27). Defendants' tactic of citing generally to various case law without articulating specific comparison or connection to the instant facts is legally deficient and amounts to a conclusory statement. Threadbare recitals of law or legal conclusions unsupported by specific factual application are insufficient and not entitled to assumption of truth at this stage of litigation. *Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008).

[2] Plaintiff is in communication with Hofstra Pro Se Legal Assistance Program and will seek their assistance to clarify Compl. requisite elements like "substantial control" (e.g. Defendants' exclusive control of platform/video, ¶¶ 92–93).